IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES ALLEN LUTZ,   )  | |
|     Petitioner,   ) | Civil Action No. 7:21-cv-00272 |
| ) | |
| v.   ) | |
| ) | |
| HAROLD CLARKE,   ) | By: Elizabeth K. Dillon |
|     Respondent.   ) | United States District Judge |

## OPINION AND ORDER

James Allen Lutz, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus with this court by placing it into the institutional mail on April 29, 2021. Simultaneously with the petition, he filed a motion to stay/place in abeyance his petition because not all claims were exhausted. He apparently filed his state habeas petition just after that date in order to exhaust those claims.

More recently, postmarked on February 1, 2022, Lutz filed a motion to proceed with the case and a motion to add the Supreme Court of Virginia habeas opinion, dated January 21, 2022, to the record in this case. The court had not yet ruled on the motion to stay when these two motions were filed. This opinion will address all three motions.

When a petitioner files a "mixed" petition, that is, one containing both exhausted and unexhausted claims, the Supreme Court has imposed a requirement directing federal district courts to dismiss the petition without prejudice to give the petitioner an opportunity to present his unexhausted claims in state court. *Rose v. Lundy,* 455 U.S. 509, 522 (1982). This promoted principles of federalism and comity by giving the state court the first opportunity to correct any constitutional violation alleged without intrusion by the federal court. It also promoted judicial

efficiency, in that the federal court would not have to consider the same case two different times because of exhausted and unexhausted issues.

After Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996, a new federal one-year statute of limitations limited the time in which prisoners could file their habeas petitions, such that automatic dismissal of mixed petitions could sometimes work an unfair hardship to a petitioner, resulting in the loss of his claims.  Therefore, in *Rhines v. Weber*, the Supreme Court recognized that district courts have discretion to grant a stay, in very limited circumstances, so long as the district court does not undermine the Congressional purpose of reducing delays in the execution of state and federal sentences.

Lutz filed his state petition on May 10, 2021, according to the state habeas opinion. Virginia's state statute of limitations for habeas petitions is one year, which ran from the date of the Supreme Court of Virginia's final decision on direct appeal, April 30, 2020.  However, because of the coronavirus-19 and related shutdowns, the Chief Judge of the Supreme Court extended filing deadlines by 21 days for pleadings due between March 16, 2020, and July 19, 2020; starting July 20, 2020, there were no more extended deadlines for filings.  *In re: Seventh Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency* (Va. July 8, 2020).  Because of that deadline extension, Lutz's state petition was timely filed.

Because both Virginia and the federal courts have a "one-year" statute of limitations, it is apparent that Lutz believed he was out of time to file his federal petition, and he knew that the state's extension did not affect federal filing deadlines.  Yet, the state's extension was necessary because inmates were quarantined for months at a time and have had no regular access to the law library since March 30, 2020—before the Supreme Court of Virginia had entered an opinion on Lutz' direct appeal.  For that reason, Lutz filed his federal petition on April 29 to ensure that he

did not lose his rights by being dilatory because the pendency of a state habeas petition cannot toll a statute of limitation that has already expired. *Wahl v. Kohli*, 562 U.S. 545, 547 (2011).

In fact, the *federal* one-year period did not start running on Lutz' habeas claims on April 30, 2020, but started on July 29, 2020, the last date on which he could have filed a timely petition for certiorari with the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(A). This is different from the state statute of limitations. Therefore, once Lutz properly filed his state habeas petition on May 10, 2020, the federal statute of limitations was tolled, or temporarily stopped in its tracks. 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). At that point, 80 days remained on the federal statute of limitations. That remaining 80 days did not begin again until January 21, 2022, when the Supreme Court of Virginia denied Lutz' state habeas claim.

Just 11 days after the state court's final decision, Lutz promptly notified the court that all issues had been exhausted and he was ready to proceed with his federal habeas. He has not added new claims, only those originally contained in the 2254. It appears that Lutz has endeavored in good faith to comply with the letter and the spirit of both the rules on exhaustion and the rules on timeliness. Lack of access to the library and to legal materials due to COVID delayed Lutz' ability to file his state petition sooner, and probably made it difficult for him to determine how the federal courts have applied the federal statute of limitations.

If this court had reached the merits of Lutz' motion to stay before the state habeas opinion was rendered, the court would likely have denied the motion and dismissed the petition without prejudice, knowing that Lutz would still have 80 days to file after the state court finished with his claims. However, now that the state court has already ruled on Lutz' claims, and Lutz has fully updated the record here, and less than 30 days remain on the federal statute of

limitations, the usual procedure in mixed petition cases would elevate form over substance under the facts of this case.

Therefore, the court accepts Lutz' petition as timely filed, and **DISMISSES** the motion to stay (Dkt. No. 2) as **MOOT**, **GRANTS** the motion to add to the case record (Dkt. No. 5), and **GRANTS** the motion to proceed (Dkt. No. 4) by initiating service of the petition on the Office of the Attorney General.  It is so **ORDERED.**

Entered: March 25, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge